UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GORDON SCOTT DITTMER,

        Plaintiff,

v.

CORIZON HEALTH, INC. et al.,

        Defendants.
_____/

Case No. 1:22-cv-77

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Kangas, Thompson, McQueen, Pandya, and Stieve.

## **Discussion**

### **I.**    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events

about which he complains occurred at that facility. Plaintiff sues Corizon Health, Inc. (Corizon), Physician Keith Papendick, Regional Health Administrator Timothy Kangas, Health Services Division Vice President David Thompson, Health Services Director Sylvia McQueen, Regional Medical Officer Haresh Pandya, and Chief Medical Officer Jeffrey Stieve.

Plaintiff alleges that on August 24, 2018, a request for cataract surgery on his right eye was submitted. Plaintiff attaches the August 24, 2018, cataract consult to his complaint as an exhibit. (ECF No. 1-1, PageID.22.) In the consultation, Dr. Scott A. Brown, OD, noted that Plaintiff had been complaining of pain in or around the right eye for several months, and that the vision in his right eye was 20/300. (*Id.*) Dr. Brown noted that Plaintiff had a very dense cataract and that there was no observation of the retina or posterior pole OD. Glaucoma had been ruled out and Plaintiff had had a CT/MRI to rule out neurological issues. (*Id.*) Dr. Brown concluded that Plaintiff required cataract surgery. (*Id.*) On August 24, 2018, Defendant Papendick reviewed the request and ordered further consultation.

Plaintiff also attaches the October 12, 2018, cataract consult to his complaint as an exhibit. (ECF No. 1-2, PageID.25.) The report notes that on October 11, 2018, Dr. Carolyn M. Pierce, OD, found a "Dense NS Cataract OD[1]." (*Id.*) Dr. Pierce recommended surgery offsite, noting that such surgery would improve overall vision and glaucoma testing, and that Plaintiff was currently at risk for falling because of imbalance. (*Id.*) However, in the reviewer comments, Defendant Papendick noted that medical necessity had not been demonstrated and recommended that Plaintiff be followed in an onsite clinic. (*Id.*) Defendant Papendick also stated "POSSIBLE glaucoma, undefined upon request, is not a medical condition requiring visualization of the posterior compartment." (*Id.*, PageID.25–26.)

---

[1] Right eye.

2

On February 8, 2019, a third request for surgical removal of cataract in Plaintiff's right eye was submitted, documenting that the cataract was worsening and that the anterior chamber of Plaintiff's right eye appeared shallow due to the cataract pushing forward. (ECF No. 1-3, PageID.28.) The request also noted that Plaintiff was suffering from constant headache with pain in his right eye and temple. (*Id.*) At this point, the doctor noted that every day that passed without the cataract being removed placed Plaintiff at a higher risk of going blind in his right eye. (*Id.*) On February 12, 2019, Defendant Papendick denied the third request for cataract surgery because he did not believe that medical necessity had been demonstrated. (*Id.*, PageID.29.)

Plaintiff filed a grievance regarding the denial of cataract surgery on June 21, 2019, which was denied on July 8, 2019. (ECF No. 1-4, PageID.31–32.) Plaintiff filed an appeal at step II, which was denied by Subrina Aiken, RN, on July 29, 2019. (*Id.*, PageID.33–34.) In the step II response, Aiken summarized the step II investigation:

> Upon investigation of the Step II appeal; the Step I response, reason for appeal, the Electronic Health Record (EHR), and policies were all reviewed, including any additional information needed was obtained as necessary to complete the response. Grievant was seen at DWH Optometry on 2/8/19; a request for Cataract Surgery with Opthalmology-Optometry. The request was deferred at this time. The criterion for cataract surgery is; one eye if best corrected vision acuity (BCVA: that is, it cannot be improved by adding or changing glasses or contact lenses) is: Greater than or equal to (20/70).
>
> Grievant was seen on 2/8/19, vision; right eye (OD) – LP (light perception)
>
> > Left eye (OS) – 20/60
> >
> > Both eyes (OU) – 20/60
>
> Grievant does not meet criteria, as his BCVA vision is 20/70, medical necessity not demonstrated at this time.

(*Id.*, PageID.34.)

Plaintiff filed a step II appeal on July 29, 2019. (*Id.*, PageID.31.) Plaintiff's step III appeal was denied by S. Smoyer, RN, on September 11, 2019. (*Id.*, PageID.36) In the response, Smoyer

3

noted that the electronic medical record had been reviewed and that Plaintiff's disagreement with the judgment of a qualified medical provider did not support a claim for the denial of care. (*Id.*)

On June 21, 2020, Plaintiff filed a step I grievance on MDOC Director Heidi Washington and Defendant Corizon Health. On October 22, 2020, Plaintiff filed a grievance on Defendant Papendick. (ECF No. 1-5, PageID.38–39.) Plaintiff's grievance was rejected, so Plaintiff filed step II and III appeals. (*Id.*, PageID.40–43.) Plaintiff's appeals were unsuccessful. (*Id.*, PageID.44.) On November 12, 2020, and November 16, 2020, Plaintiff sent letters to Defendants Kangas, Thompson, McQueen, Pandya, and Stieve regarding his medical condition and the risks he faced by being denied surgery for his cataract. (ECF Nos. 1-6, 1-7.)

On December 15, 2020, Plaintiff filed a step I grievance on Defendants Papendick, Kangas, Thompson, McQueen, Pandya, and Stieve for being deliberately indifferent to Plaintiff's serious medical need, which was rejected. (ECF No. 1-9.) Plaintiff filed step II and III appeals, which upheld the step I rejection. (*Id.* at PageID.57–58.)

Plaintiff claims that pursuant to the contract between Defendant Corizon and the State of Michigan, Defendant Corizon's profits decrease every time a prisoner is treated offsite. Therefore, Plaintiff asserts, Defendant Corizon has a practice or custom of denying requests for offsite care without regard to the seriousness of a prisoner's medical condition. Plaintiff states that Corizon relies on alternative treatment plans (ATPs) in place of making an offsite referral, even when such a decision is deliberately indifferent to a serious medical condition.

Plaintiff claims that Defendants Corizon, Papendick, Kangas, Thompson, McQueen, Pandya, and Stieve failed to act upon their knowledge of the substantial risk of harm to Plaintiff and acquiesced to the unconstitutional denial of necessary care in violation of Plaintiff's rights under the Eighth Amendment.

Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

5

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Defendants Kangas, Thompson, McQueen, Pandya, and Stieve

Plaintiff fails to make specific factual allegations against Defendants Kangas, Thompson, McQueen, Pandya, and Stieve other than his claim that they failed to conduct an investigation in response to his letters of complaint. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Kangas, Thompson, McQueen, Pandya, and Stieve engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Defendant Papendick

Plaintiff alleges that Defendant Papendick denied him necessary cataract surgery based on an unconstitutional policy despite the medical opinions of three different examining doctors that Plaintiff required surgery in order to save his vision. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically

7

serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

Plaintiff attaches copies of consultation reports showing that three separate doctors of optometry recommended that Plaintiff have cataract surgery and warned that without surgery, Plaintiff would likely lose vision completely in his right eye. The Court concludes that Plaintiff has alleged sufficient facts to state a claim under the Eighth Amendment against Defendant Papendick.

### C.     Defendant Corizon

Plaintiff also asserts that Defendant Corizon violated his rights under the Eighth Amendment. A private entity which contracts with the state to perform a traditional state function like providing healthcare to inmates—like Corizon, Inc.—can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins,* 487 U.S. 42, 54 (1988)). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

Consequently, Corizon, like a governmental entity, may be held liable under § 1983 if it actually caused the constitutional deprivation. *See Starcher*, 7 F. App'x at 465 (citing *Monell*, 436 U.S. at 690). Liability in a § 1983 action cannot be based on a theory of *respondeat superior. City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A custom is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Moreover, the policy or custom "must be the moving force of the constitutional violation." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (internal quotation marks omitted). In this case, Plaintiff specifically alleges that

9

he was denied necessary surgery pursuant to a policy and/or custom of Defendant Corizon. Therefore, Defendant Corizon may not be dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Kangas, Thompson, McQueen, Pandya, and Stieve will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claims against Defendants Papendick and Corizon remain in the case.

An order consistent with this opinion will be entered.

Dated: __April 20, 2022__   /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE